619 P.2d 1066

Hamilton R. CATLIN and Kittie B. Catlin, husband and wife, Plaintiffs/Appellants,

v.

P. B. COMMISSARIAT, Defendant/Appellee.

No. 2 CA–CIV 3581.

Court of Appeals of Arizona, Division 2.

Oct. 3, 1980.

Rehearing Denied Nov. 13, 1980.

Review Denied Dec. 2, 1980.

Lesher, Kimble & Rucker, P. C. by Darwin J. Nelson, Tucson, for plaintiffs/appellants.

O'Dowd & Burke by Erik M. O'Dowd, Tucson, for defendant/appellee.

OPINION

RICHMOND, Judge.

The threshold question that disposes of this appeal is whether the defense of lack of personal jurisdiction can be revived by an amended pleading filed pursuant to stipulation after it has been waived under the Rules of Civil Procedure. We hold it can-

not and reverse the judgment dismissing plaintiffs' claim against defendant P. B. Commissariat.

The complaint in this product liability action was filed on February 1, 1978. Commissariat was served by registered mail on February 15. He filed an answer "for himself" on March 29, 1978, admitting that he was a California resident and generally denying the remaining allegations of the complaint. As an affirmative defense he alleged the action was barred by the statute of limitations. He did not challenge Arizona jurisdiction over his person.

Various other defendants filed answers and asserted cross–claims against Commissariat. He retained Tucson counsel and answered the cross–claims. Thereafter, all counsel consented to the filing of an amended answer on February 28, 1979. In the amended answer Commissariat alleged lack of personal jurisdiction.

On appeal Commissariat concedes that the personal jurisdiction defense was waived under 16 A.R.S. Rules of Civil Procedure, rules 12(i) and 15(a), but contends that plaintiffs' stipulation permitting the filing of an amended answer containing that defense has revived the issue. We disagree. Rule 12(i) states:

A party waives all defenses and objections which he does not present either by motion as hereinbefore provided, or, if he has made *no motion, in his answer or reply,* except

(1) A defense of lack of jurisdiction over the person . . . is waived (A) if omitted from a motion in the circumstances described in subdivision (h), or (B) if it is neither made by motion under this rule nor included in a responsive pleading *or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.* (Emphasis added.)

Rule 15(a) states:

A party may amend his pleading once as *a matter of course* at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty days after it is served . . . . (Emphasis added.)

The foregoing rules are derived from Rules 12(h)(1) and 15(a) of the Federal Rules of Civil Procedure. In Vol. 5, Federal Practice and Procedure, Wright & Miller, at page 855 the authors state:

Until 1966 a party might escape the consequences of his failure to plead the defenses set forth in Rule 12(b)(2) through 12(b)(5) by amending his pleadings. However, present Rule 12(h)(1) severely restricts this practice. The court *no longer has the authority* to grant leave to amend in order to add one of these four defenses; this may be done *only* by an amendment permitted *as a matter of course under Rule 15(a).* (Emphasis added.)

*See also Konigsberg v. Shute,* 435 F.2d 551 (3rd Cir. 1970).

Since the amendment in this case was not "an amendment thereof permitted by Rule 15(a) to be made as a matter of course," the fact that it was made with the plaintiffs' consent is meaningless. The language of the rule is clear and unambiguous. Had the supreme court intended that the issue of lack of personal jurisdiction could be raised in an amendment obtained by the written consent of the adverse party, it could easily have said so when it promulgated the 1966 amendment to Rule 12(i). It did not.

Our rejection of Commissariat's argument on the stipulation makes it unnecessary to weigh the sufficiency of his contacts with the State of Arizona.

Reversed and remanded for further proceedings.

HATHAWAY, C. J., and HOWARD, J., concur.