962 P.2d 203

**FARMERS INSURANCE COMPANY, an Arizona corporation; and Michael Larson, Plaintiffs–Appellees, Cross Appellants.**

v.

**Brian TALLSALT, Defendant–Appellant, Cross–Appellee.**

**No. CV–97–0415–PR.**

Supreme Court of Arizona, En Banc.

July 17, 1998.

Aspey Watkins & Diesel Flagstaff by James E. Ledbetter, Whitney Cunningham, Joel E. Sannes, for Farmers Insurance Company and Michael Larson.

Trebon & Fine, P.C., Flagstaff by John Trebon for Brian Tallsalt.

OPINION.

MARTONE, Justice.

¶ 1   We are asked to decide how the superior court should assess attorneys' fees on appeals from arbitration awards under Rule 7(f), Uniform Rules of Procedure for Arbitration, when the arbitrator has awarded one or both parties $0.  We hold that in order to avoid paying the appellee's attorneys' fees, one who appeals an arbitration award of $0 must obtain a judgment in an amount greater than $0.

**I.**

¶ 2   Cars driven by Brian Tallsalt and Michael Larson collided at an intersection in Flagstaff.  Tallsalt was an uninsured motorist, and Larson carried uninsured motorist and property damage coverage with Farmers Insurance Company.  Farmers paid Larson $30,392 for personal injuries and property damage, and filed a subrogation action against Tallsalt.  Tallsalt counterclaimed for personal injuries and property damage.  In compulsory arbitration, the arbitrator awarded no damages to either party.  Farmers appealed and Tallsalt cross-appealed.

¶ 3   On trial de novo, a jury awarded Farmers $2,500, and awarded Tallsalt nothing.  Both parties sought attorneys' fees under Rule 7(f), each arguing that their opponent had failed to obtain a judgment 10% more favorable than the arbitrator's award.  The court awarded Farmers reduced attorneys' fees, but did not award Tallsalt his attorneys' fees.  Both parties appealed.

¶ 4   The court of appeals held that there is a gap in Rule 7(f) whenever there is a successful appeal from an arbitration award of $0, because an award of $0 cannot be characterized as monetary relief within the meaning of the rule.  The court also thought it was meaningless to describe any amount as more or less than 10% of zero.  Believing it important to fill the gap, we granted review.

## II.

¶ 5 Rule 7(f), Uniform Rules of Procedure for Arbitration, which permits de novo appeal of arbitration awards to the superior court, provides in relevant part:

> If the judgment on the trial de novo is not *more favorable by at least 10% than the monetary relief, or more favorable than the other relief, granted by the arbitration award,* the court shall order ... that the appellant pay ... the following costs and fees unless the Court finds on motion that the imposition of the costs and fees would create such a substantial economic hardship as not to be in the interests of justice:
>
> ....
>
> (ii) To the appellee, those costs taxable in civil actions together with reasonable attorneys' fees as determined by the trial judge for services necessitated by the appeal....

(emphasis added). Here, the arbitrator awarded each party $0. The court of appeals held that no fees could be assessed under Rule 7(f) because, in part, it believed that it is mathematically impossible to determine the percent by which an amount exceeds zero.

¶ 6 While "monetary relief" may suggest a number in excess of zero, zero is a number too. And if the purpose of the rule is to discourage appeals from reasonable arbitration awards, we serve that purpose better by not excluding zero from the definition of "monetary relief." We believe that the language "monetary relief ... granted by the arbitration award" is no different than the language "arbitration award," so that as long as the judgment exceeds the award by at least 10%, costs and fees are avoided.

¶ 7 If an award of $0 is monetary relief in the amount of $0, then Rule 7(f) provides the necessary guidance. If "A" represents the arbitration award being appealed, and "J" represents the judgment on appeal, then in order for the appellant not to pay the appellee's attorneys' fees under Rule 7(f), the following must be true when J does not equal A:

$$J \geq A + .1(A)$$

In other words, the judgment on appeal must exceed the arbitration award by at least 10%, or else the appellant must pay the appellee's attorneys' fees. In the present case, then, Farmers' responsibility for Tallsalt's attorneys' fees may be expressed as follows:

$$\$2,500 \geq \$0 + .1(\$0).$$

$$\$2,500 \geq \$0.$$

Thus, Farmers obtained a judgment that satisfied Rule 7(f), and is not responsible for Tallsalt's attorneys' fees. Tallsalt, however, is responsible for Farmers' fees arising from his cross-appeal because he failed to improve his position at all, and J equals A.

¶ 8 Put more simply, in order for the appellant of an arbitration award of $0 to avoid paying the appellee's attorneys' fees, the appellant must obtain a judgment of more than $0. Any judgment in excess of a zero award will always be more than 10% of the award, because the judgment exceeds the award by an *infinite* percentage.[1] While the language of Rule 7(f) does not make this entirely obvious, we believe it is in harmony with the purpose of the rule: to discourage appeals of reasonable arbitration awards. We realize that under this approach even one dollar over a zero award will satisfy the rule. But this difficulty is inherent in a rule that uses a percentage rather than an absolute figure, wholly apart from our holding here. Rule 7(f) already provides little or no disincentive to appeal very small arbitration awards. For example, it is undisputed that one who appeals an arbitration award of $5 must obtain a judgment of only $5.50 in order to satisfy the rule. It makes little sense to reward a party that obtains a judgment fifty cents more favorable than $5, yet punish a party that obtains a judgment $2,500 more favorable than $0. Moreover, the court of appeals' approach denies application of the rule whenever an arbitration award is $0, no matter what happens at the trial de

---

1. Let $\times$ = the percentage by which J exceeds A. Then

$$J = A + x(A).$$
$$J - A = x(A).$$
$$\frac{J - A}{A} = x.$$

As A approaches 0, $\times$ approaches infinity. When A = 0, $\times = \alpha$.

novo. Our resolution, while not perfect, at least gives effect to the rule in the one situation where an appellant clearly has not obtained a "more favorable" outcome—a $0 arbitration award followed by a $0 jury verdict.

¶ 9 We realize that not excluding zero from the definition of monetary relief does not entirely resolve problems associated with Rule 7(f). As noted, a problem arises with small awards as well as zero awards, and thus a wholesale review of Rule 7(f) is in order.

### III.

¶ 10 We hold that one who appeals an arbitration award of $0 and obtains a judgment in an amount greater than $0 avoids costs and fees under Rule 7(f). We vacate the opinion of the court of appeals to the extent it conflicts with this opinion, and remand to the court of appeals for resolution of any remaining issues properly raised on appeal.

ZLAKET, C.J., and JONES, V.C.J., and McGREGOR, J., concur.

FELDMAN, J., concurs in the result.