19 P.3d 645

**Barbara VEGA and Vicente Vega, wife and husband, Plaintiffs/Appellees,**

v.

**Lynda L. SULLIVAN and John Doe Sullivan, wife and husband, Defendants/Appellants.**

**No. 2 CA–CV 00–0190.**

Court of Appeals of Arizona, Division 2, Department A.

March 13, 2001.

William M. Bache, Tucson, Attorney for Plaintiffs/Appellees.

Chandler, Tullar, Udall & Redhair, L.L.P. by D.B. Udall, Tucson, Attorneys for Defendants/Appellants.

## OPINION

PELANDER, Judge.

¶ 1 Defendant/appellant Lynda Sullivan appeals from a judgment awarding attorney's fees and expert witness fees to plaintiffs/appellees Barbara and Vicente Vega pursuant to former Rule 7(f), Uniform Rules of Procedure for Arbitration (Uniform Rules), 17B A.R.S.[1] That rule governs the awarding of costs and fees on appeal to superior court from an arbitration award. In determining whether the rule mandated such an award after a trial de novo in superior court, the trial court included taxable costs in both the arbitration award and the judgment when comparing the two. We hold that the trial court properly interpreted and applied Uniform Rule 7(f) and, therefore, affirm the judgment.

## BACKGROUND

¶ 2 This personal injury action arose from a motor vehicle accident. Because the amount in controversy did not exceed $30,000, plaintiffs' action was referred for compulsory arbitration pursuant to A.R.S. § 12–133 and the applicable rules. See Unif. R.P. Arbitration 1 through 7; Pima County Sup.Ct. Local Rule 3.9, 17B A.R.S. After a hearing, the arbitrator filed a "notice of decision" pursuant to Uniform Rule 5(a), awarding damages in the amount of $10,600 to plaintiffs. In compliance with that same rule, the arbitrator subsequently entered and filed an award in favor of plaintiffs in the total amount of $10,982.74, which included their taxable costs of $382.74.

¶ 3 Defendant timely appealed from the arbitration award pursuant to § 12–133(H) and Uniform Rule 7. After a trial de novo in superior court, the jury returned a verdict in

1. Effective December 1, 2000, the Uniform Rules of Procedure for Arbitration were abrogated and replaced by new Rules 72 through 76, Ariz. R. Civ. P., 16 A.R.S. See 2000 Rules Consolidation Correlation Table, preceding Ariz. R. Civ. P. Current Rule 76(f), Ariz. R. Civ. P., replaces former Uniform Rule 7(f). In this opinion, we refer to the Uniform Rules in effect before certain amendments thereto in July 2000.

favor of plaintiffs in the amount of $9,500. Thereafter, plaintiffs filed their affidavit of taxable costs in the total amount of $420.74, consisting of the $382.74 pre-arbitration costs which the arbitration award had included, plus an additional $38 of taxable costs incurred after arbitration and before trial. The trial court entered judgment in the total amount of $9,920.74, which included the jury's $9,500 damage award plus the $420.74 in taxable costs.[2]

¶ 4 Plaintiffs subsequently moved for an award of attorney's fees and expert witness fees pursuant to Uniform Rule 7(f). Over defendant's opposition, the trial court granted plaintiffs' motion and ultimately entered a separate judgment against defendant, awarding attorney's fees and expert witness fees to plaintiffs in the total amount of $19,978.01. This appeal from that judgment followed.

## DISCUSSION

¶ 5 Defendant challenges only the propriety, not the amount, of the award to plaintiffs of attorney's fees and expert witness fees. She contends the trial court misapplied Uniform Rule 7(f), which provides in pertinent part:

> If the judgment on the trial de novo is not more favorable by at least 10% than the monetary relief, or more favorable than the other relief, granted by the arbitration award, the court shall order the deposit [provided for in Uniform Rule 7(b) ] to be used to pay, or that the appellant pay if the deposit is insufficient, the following costs and fees unless the Court finds on motion that the imposition of the costs and fees would create such a substantial economic hardship as not to be in the interests of justice:

2. A short time later, defendant paid those amounts and satisfied that judgment.

3. The relevant version of Uniform Rule 7(f) mirrors § 12 133(I), as amended in 1992. See 1992 Ariz. Sess. Laws, ch. 9, § 1. Effective July 18, 2000, Uniform Rule 7(f), as amended, mandated an award of costs and fees if the judgment on the trial de novo was not more favorable by at least 25% than the relief granted by the arbitration award. Current Rule 76(f), Ariz. R. Civ. P., effective December 1, 2000, maintains that requirement, as does § 12–133(I), as amended in 2000. See 2000 Ariz. Sess. Laws, ch. 35, § 1.

. . . .

> (ii) To the appellee, those costs taxable in civil actions together with reasonable attorneys' fees as determined by the trial judge for services necessitated by the appeal; and

> (iii) Reasonable expert witness fees incurred by the appellee in connection with the appeal.[3]

¶ 6 In granting plaintiffs' motion for an award of fees, the trial court concluded that Uniform Rule 7(f) required a comparison of the "arbitration award" and the "judgment," which the court viewed as "technical terms of art with specific meaning in Arizona law and practice." Because both the arbitration award and the judgment included taxable costs, "the judgment on the trial de novo [totaling $9,920.74] [was] not more favorable by at least 10% than the monetary relief . . . granted by the arbitration award [totaling $10, 982.74]," thus mandating an award of reasonable attorney's fees and expert witness fees to plaintiffs. Unif. R.P. Arbitration 7(f).

¶ 7 Defendant contends the clear intent of the Uniform Rules and "the only correct and logical reading" of § 12–133(I) and those rules require a comparison of "the amount of the arbitration award versus the jury verdict," without including taxable costs. If that comparison were to control, defendant would not be liable for costs and fees under Uniform Rule 7(f) because the $9,500 jury verdict was "more favorable by at least 10%" than the arbitrator's $10,600 damage decision. Unif. R.P. Arbitration 7(f). And, as defendant points out, that same result would obtain even if the $38 in additional, post-arbitration taxable costs were included in the computation.[4]

4. Interestingly, the $38 in additional taxable costs, when added to the previously incurred costs of $382.74 which both the arbitration award and judgment included, triggered application of the Uniform Rule 7(f) "sanctions." That is, had the taxable costs not increased by $38 after arbitration, the total judgment, including costs, would have been $9,882.74, a result "more favorable by at least 10%" (albeit barely) than the total arbitration award of $10,982.74.

¶ 8 We review the trial court's judgment, based on its "[i]nterpretation of the meaning and effect of a court rule," de novo. *Perguson v. Tamis*, 188 Ariz. 425, 427, 937 P.2d 347, 349 (App.1996). Our primary objective is to discern and give effect to the intent of the legislature and our supreme court in promulgating § 12–133(I) and Uniform Rule 7(f) respectively. See *Devenir Associates v. City of Phoenix*, 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991); *State v. Baca*, 187 Ariz. 61, 63, 926 P.2d 528, 530 (App.1996). Defendant has not cited, nor have we found, any historical documents or other extraneous evidence bearing on that issue of intent. Despite that vacuum, we focus on the language of the statute and rule and, if it is inconclusive or ambiguous, we then consider other factors such as their context, subject matter, effects, consequences, spirit, and purpose. *Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994); *Devenir Associates*, 169 Ariz. at 503, 821 P.2d at 164. In attempting to divine the intent of the framers of a court rule or statute, we also are mindful of our supreme court's cautionary words:

> Courts are not at liberty to impose their views of the way things ought to be simply because that's what must have been intended[;] otherwise no statute, contract or recorded word, no matter how explicit, could be saved from judicial tinkering. Moreover, if the sense of a word is not to be taken in its usual and commonly understood meaning except under circumstances where a different meaning is clearly intended, it becomes impossible for men to mean what is said or say what they mean and purposeful communication is unattainable.

*Kilpatrick v. Superior Court*, 105 Ariz. 413, 422, 466 P.2d 18, 27 (1970).

¶ 9 The best and most reliable indicator of the framers' intent is the language of the statute or rule itself. *Rineer v. Leonardo*, 194 Ariz. 45, ¶ 7, 977 P.2d 767, ¶ 7 (1999). We find the wording of § 12–133(I) and Uniform Rule 7(f) clear and unambiguous. Our supreme court has stated that "the language 'monetary relief ... granted by the arbitration award' is no different than the language 'arbitration award.' " *Farmers Ins. Co. v. Tallsalt*, 192 Ariz. 129, ¶ 6, 962 P.2d 203, ¶ 6 (1998), quoting Unif. R.P. Arbitration 7(f).[5] And, the reference to "arbitration award" in the Uniform Rules includes taxable costs. See *Bittner v. Superior Court*, 182 Ariz. 434, 436, 897 P.2d 736, 738 (App.1995) ("Pursuant to the procedures set forth in Rule 5(a)," the final arbitration award includes "the prevailing party's amount of costs."). Thus, the arbitration award here, including plaintiffs' taxable costs of $382.74, totaled $10,982.74.

¶ 10 Both § 12–133(I) and Uniform Rule 7(f) expressly require comparison of that award to "the judgment on the trial de novo." As the trial court correctly noted, the term "judgment" is a "technical term[ ] of art with specific meaning in Arizona law and practice." For purposes of our civil procedure rules, the term "judgment" "includes a decree and an order from which an appeal lies." Ariz. R. Civ. P. 54(a), 16 A.R.S. See also A.R.S. § 12–2101; Ariz. R. Civ.App. P. 2(d), 17B A.R.S. In addition, with certain exceptions not applicable here, "all judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so." Ariz. R. Civ. P. 58(a). See also *State v. Birmingham*, 96 Ariz. 109, 112, 392 P.2d 775, 777 (1964). The jury verdict that found the damages does not meet those requirements and, therefore, does not qualify as a "judgment." Cf. *Sheppard v. Crow–Barker–Paul No. 1 Ltd. Partnership*, 192 Ariz. 539, ¶¶ 8, 10, 968 P.2d 612, ¶¶ 8, 10 (App.1998) (differentiating verdict from judgment).[6] And, as plaintiffs correctly note, the judgment here

---

5. Contrary to the suggestion in defendant's briefs, *Tallsalt* is not "crucial in deciding the issue" here because the court merely held that "one who appeals an arbitration award of $0 and obtains a judgment in an amount greater than $0 avoids costs and fees under Rule 7(f)." 192 Ariz. 129, ¶ 10, 962 P.2d 203, ¶ 10. At oral argument, defendant conceded that *Tallsalt* does not address or control the issue presented in this case.

6. Analogous cases from other jurisdictions, albeit relating to offers of judgment rather than appeals from arbitration, support the distinction between a jury verdict and a judgment and indicate that the latter includes costs. See, e.g., *Wilson v. Wal–Mart Stores, Inc.*, 72 Cal.App.4th 382, 85 Cal.Rptr.2d 4, 10 (1999) (for purposes of determining whether party failed to obtain judgment more favorable than settlement offer, "the court must look to the net judgment, including all costs

on its face included both the amount of the jury verdict and their taxable costs.[7]

¶ 11 Neither Uniform Rule 7(f) nor any other provision in the Uniform Rules permits a portion of the judgment to be ignored for purposes of comparison to the arbitration award. Contrary to defendant's suggestion, the exclusion of "interest, attorneys' fees or costs" from the references to " 'award' " and " 'affirmative relief' " in Uniform Rule 1(b) only relates to the jurisdictional "purposes of [that] provision." Unif. R.P. Arbitration 1(b). Although that rule sets forth the mandatory conditions under which a case is submitted to arbitration, it has no bearing on whether costs and fees must be awarded pursuant to Uniform Rule 7(f).

¶ 12 As noted above, Uniform Rule 7(f) clearly requires comparison of the judgment and the arbitration award. Had the drafters of the Uniform Rules, or the supreme court which adopted them, intended a comparison of only the jury verdict to the arbitrator's award, without consideration of taxable costs, they presumably would have said so. See *Valenzuela v. Brown*, 186 Ariz. 105, 110, 919 P.2d 1376, 1381 (App.1996); *Catlin v. Commissariat*, 127 Ariz. 289, 290, 619 P.2d 1066, 1067 (App.1980); *Poole v. Miller*, 342 N.C. 349, 464 S.E.2d 409, 411 (1995), quoting N.C. Gen.Stat. § 1A–1, Rule 68(a) (1990) ("We must assume that had the legislature chosen to equate 'judgment finally obtained' with the jury's verdict, it would have done so within the confines of the rule."). Compare *Hales v. Humana of Arizona, Inc.*, 186 Ariz. 375, 378, 923 P.2d 841, 844 (App.1996) ("Rule 68(d)[, Ariz. R. Civ. P.,] requires an 'apples to apples' comparison between the judgment and the offer, in that the judgment, excluding any fees or costs, is to be measured against the portion of the offer representing damages."). That the drafters and supreme

court specifically excluded fees and costs from the jurisdictional provisions in Uniform Rule 1(b) suggests that, by failing to provide a similar exclusion in Uniform Rule 7(f), they deliberately chose to include taxable costs for purposes of the comparison and computation under the latter rule. See *Valenzuela; Catlin.*

¶ 13 Defendant also argues that the comparison called for in Uniform Rule 7(f) should not include taxable costs because that rule itself mandates assessment of such costs against one who appeals from an arbitration award and fails to obtain a judgment on trial de novo that is at least ten percent more favorable than the arbitration award. Defendant apparently contends that, by so providing, Uniform Rule 7(f) implicitly excludes taxable costs from the judgment for purposes of comparing it to the arbitration award. We reject that contention.

¶ 14 As plaintiffs correctly point out, Uniform Rule 7(f) mandates an award, inter alia, of taxable costs to the nonappealing party if the judgment is not at least ten percent more favorable than the arbitration award to the party who appealed from that award, regardless of who qualifies as the "successful party" for purposes of a cost award under A.R.S. § 12–341. That procedural scenario does not permit, let alone require, the trial court to disregard taxable costs when comparing the "judgment on the trial de novo" with the "arbitration award" for purposes of Uniform Rule 7(f). Thus, we agree with plaintiffs' assertion that "Rule 7(f) does not affect the award of costs under A.R.S. § 12–341; it merely provides an additional method by which costs are allocated in the particular circumstance of a judgment obtained after an appeal from arbitration."[8]

¶ 15 Defendant's argument is somewhat persuasive because when a defendant appeals

incurred by the plaintiff"); *Poole v. Miller*, 342 N.C. 349, 464 S.E.2d 409, 411 (1995), quoting N.C. Gen.Stat. § 1A–1, Rule 68(a) (1990) (distinguishing "judgment" from "verdict" and concluding that, "within the strictures of Rule 68, 'judgment finally obtained' does not mean a jury's verdict").

7. We note, however, that a judgment does not have to include taxable costs in that a successful party may file and serve his or her statement of costs "within ten days after judgment." Ariz. R.

Civ. P. 54(f)(1). See also A.R.S. § 12–341. And, "entry of the judgment shall not be delayed for taxing costs." Ariz. R. Civ. P. 58(a). See also id., State Bar Committee Notes, 1961 Amendment ("[E]ntry of judgment need not await the taxation of costs, but the judgment may, of course, include all costs taxed before the judgment is signed.").

8. Because plaintiffs did not claim, nor did the trial court award, duplicative taxable costs, we do not address whether Uniform Rule 7(f) per-

from an arbitration award, inclusion of taxable costs for purposes of the Uniform Rule 7(f) comparison and computation can only favor the plaintiff, not the defendant. As defendant points out, a plaintiff's taxable costs may increase, but will never decrease, between arbitration and trial. Consequently, as to the taxable cost portion of a judgment, an appealing defendant never will be able to obtain a result that is at least ten percent (or, for that matter, any percentage) more favorable than the taxable costs awarded by the arbitrator and included in the award.

¶ 16 Conversely, however, a plaintiff who appeals from an arbitration award also will be liable for costs and fees under Uniform Rule 7(f) unless he or she obtains a judgment (which may include costs) that is at least ten percent more favorable than the arbitration award (including costs). Thus, the bar on trial de novo is similarly raised for whichever party, plaintiff or defendant, appeals from the arbitration award. And, perhaps most importantly, including taxable costs in the Uniform Rule 7(f) comparison and computation is not only faithful to the literal wording of that rule and the legal meaning of its key terms, but also is "in harmony with the purpose of the rule: to discourage appeals of reasonable arbitration awards." *Tallsalt,* 192 Ariz. 129, ¶ 8, 962 P.2d 203, ¶ 8.

¶ 17 Accordingly, we affirm the trial court's judgment which awarded attorney's fees and expert witness fees to plaintiffs. We deny plaintiffs' request, made pursuant to Uniform Rule 7(f)(ii) and Rule 21, Ariz. R. Civ.App. P., for an award of attorney's fees on appeal. See *Jarostchuk v. Aricol Communications, Inc.,* 189 Ariz. 346, 350, 942 P.2d 1178, 1182 (App.1997) (neither Uniform Rule 7(f) nor § 12–133(I) applies in court of appeals to claims for attorney's fees incurred on appeal from superior court).

CONCURRING: J. WILLIAM BRAMMER, Presiding Judge, M. JAN FLÓREZ, Judge.

mits a double recovery of taxable costs over and above those recoverable pursuant to § 12–341.