227 P.3d 498

**AQUA MANAGEMENT, INC., an Arizona corporation, Plaintiff/Appellant,**

**v.**

**Wajdi ABDEEN and Ghadeer Abdeen, husband and wife, Defendants/Appellees.**

**No. 1 CA–CV 09–0132.**

Court of Appeals of Arizona, Division 1, Department A.

March 23, 2010.

that the doctrine of laches precludes Johnson from objecting to the settlement.

Carmichael & Powell, P.C. by Perry E. Casazza, Phoenix, Attorneys for Plaintiff/Appellant.

Ryley Carlock & Applewhite by S. Gregory Jones, Phoenix, Attorneys for Defendants/Appellees.

## OPINION

PORTLEY, Judge.

¶ 1 Appellant Aqua Management, Inc., ("AMI") appeals the denial of its motion for an award of attorneys' fees and costs. Specifically, AMI argues that the trial court improperly applied Arizona Rule of Civil Procedure 77(f). For the following reasons, we vacate the court's ruling and remand for further consideration.

### FACTS AND PROCEDURAL HISTORY

¶ 2 This breach of contract action arose from a contract between AMI and Appellees Wajdi and Ghadeer Abdeen (the "Abdeens") to construct a residential swimming pool. The trial court referred the case to arbitration pursuant to Arizona Revised Statutes ("A.R.S.") section 12–133(A)(2) (2003) and Arizona Rule of Civil Procedure 72(b).

¶ 3 Following the arbitration hearing, the arbitrator entered a notice of decision pursuant to Arizona Rule of Civil Procedure 76(a), and found AMI entitled to damages in the amount of $7650.00. Although AMI sought prejudgment interest on the damage award, the arbitrator found that the "total amount ... was not a liquidated sum" and consequently did not award any.

¶ 4 After receiving its statement of costs and an affidavit of attorneys' fees, the arbitrator formally awarded AMI $7650.00, plus taxable costs in the amount of $826.90, and attorneys' fees in the amount of $1903.50.[1]

---

1. The total sum of the award was calculated to amount to $10,436.90. It appears, however, that the calculation is incorrect because the sum of $7650.00, $826.90, and $1903.50 is $10,380.40—

He also specified that the "[a] ward [would] bear interest at the legal rate of 10% per annum ... pursuant to A.R.S. § 44–1201(A)." The Abdeens appealed the award.

¶ 5 Following a bench trial, the trial court found AMI entitled to $7076.79 in damages, plus prejudgment interest from November 1, 2006.[2] The court declined to award attorneys' fees or costs to either party because "[e]ach party ha[d] prevailed to some extent relative to their claims."

¶ 6 AMI subsequently moved for attorneys' fees and costs pursuant to Rule 77(f). The court concluded that the attorneys' fees included in the arbitration award were "not part of the monetary relief [to be considered,] but [were] ancillary to the monetary relief" and that the judgment was not 23% more favorable to AMI than the arbitration award. It is unclear whether the court included the prejudgment interest portion of its award in the Rule 77(f) analysis. The motion was denied, and judgment was entered against the Abdeens "for the principal amount of $7,076.79, along with pre-judgment interest in the amount of $1,467.57."

¶ 7 AMI filed a motion for reconsideration to correct the misperception that it had filed the appeal from arbitration. AMI argued that because the Abdeens had appealed, they were the party required to obtain a judgment that was 23% more favorable than the arbitration award if they wanted to avoid an award of attorneys' fees pursuant to Rule 77(f). Before the court ruled, however, AMI filed its appeal.[3] We have jurisdiction pursu-ant to A.R.S. §§ 12–120.21 (2003) and –2101(B) (2003).

## DISCUSSION

¶ 8 AMI argues that the trial court misapplied Rule 77(f), which provides in pertinent part:

> If the judgment on the trial *de novo* is not more favorable by at least twenty-three percent (23%) than the monetary relief ... granted by the arbitration award [,] ... the court shall order the deposit [provided for in Rule 77(b) ] to be used to pay, or that the appellant pay if the deposit is insufficient, the following costs and fees unless the court finds on motion that the imposition of the costs and fees would create such a substantial economic hardship as not to be in the interests of justice:
>
> . . .
>
> (2) to the appellee, those costs taxable in civil actions together with reasonable attorneys' fees as determined by the trial judge for services necessitated by the appeal; and
>
> (3) reasonable expert witness fees incurred by the appellee in connection with the appeal.

"We review the trial court's judgment, based on its 'interpretation of the meaning and effect of a court rule,' de novo." *Vega v. Sullivan,* 199 Ariz. 504, 507, ¶ 8, 19 P.3d 645, 648 (App.2001) (quoting *Ferguson v. Tamis,* 188 Ariz. 425, 427, 937 P.2d 347, 349 (App. 1996)).

an error of $56.50. This discrepancy, however, does not have any effect on this decision. *See infra* note 5.

**2.** The Abdeens assert that the reference to November 1, 2006, was a clerical error. They argue that prejudgment interest should have begun to accrue on November 28, 2006—the date on which they were billed for the balance owed to AMI. In Arizona, prejudgment interest "accrues from the date of demand of a sum certain." *Scottsdale Ins. Co. v. Cendejas,* 220 Ariz. 281, 289, ¶ 37, 205 P.3d 1128, 1136 (App.2009). In its complaint, AMI alleged that it invoiced the Abdeens for the remaining balance on November 28, 2006, and sought prejudgment interest from that date forward. Additionally, in the joint pretrial statement, the parties stipulated that AMI invoiced the Abdeens for the remaining balance owed on November 28, 2006. We do not have a full record of the trial proceedings on appeal. We note, however, that this alleged clerical error, even if corrected, would have no effect on this decision. *See infra* note 5.

**3.** A trial court loses jurisdiction once the appeal is filed, unless the matter is in furtherance of the appeal. *See Burkhardt v. Burkhardt,* 109 Ariz. 419, 421, 510 P.2d 735, 737 (1973); *Lightning "A" Ranch Venture v. Tankersley,* 161 Ariz. 497, 499, 779 P.2d 812, 814 (App.1989). Here, the appeal challenged the judgment, and the ruling on the motion for reconsideration was not in furtherance of the appeal. Consequently, we will not consider the trial court's ruling on the motion for reconsideration.

¶ 9 We first address whether the trial court was required to consider the attorneys' fees and costs portion of the arbitration award in the Rule 77(f) analysis. AMI argues that the trial court should not consider the attorneys' fees and costs awarded at arbitration. The Abdeens argue that, pursuant to *Vega*, the court was required to "compare the entire arbitration award against the entire judgment from the trial."

¶ 10 In *Vega*, parties involved in a motor vehicle accident were referred to compulsory arbitration where the plaintiffs prevailed and were awarded, in total, $10,982.74. *Vega*, 199 Ariz. at 505, ¶ 2, 19 P.3d at 646. The award included their taxable costs of $382.74. *Id.* The defendant appealed from the award and, following a jury trial, judgment was entered against her in the total amount of $9920.74. *Id.* at 505–06, ¶ 3, 19 P.3d at 646–47. The judgment included the plaintiffs' taxable costs of $420.74. *Id.* at 506, ¶ 3, 19 P.3d at 647.

¶ 11 The plaintiffs moved for an award of attorneys' fees and expert witness fees pursuant to the former version of Rule 77(f).[4] *Id.* at ¶ 5; *see also* Ariz. R. Civ. P. 77(f). The trial court concluded that taxable costs were to be included when comparing the arbitration award and judgment. *Vega*, 199 Ariz. at 506, ¶ 6, 19 P.3d at 647. As a result, the judgment was not sufficiently more favorable to allow the defendant to avoid the fees sanction. *Id.* The court therefore granted the plaintiffs' motion and entered a separate judgment against the defendant for the plaintiffs' attorneys' and expert witness fees. *Id.* at ¶ 4. The defendant appealed that judgment and argued that the court erred when it considered the taxable costs portions of the arbitration award and judgment and, had it not done so, she would not be liable for costs and fees under the rule. *Id.* at ¶ 7.

¶ 12 On appeal, we held that the wording of the rule was "clear and unambiguous" and that the terms "arbitration award" and "judgment" included any amount of awarded taxable costs. *Id.* at 507–08, ¶¶ 9–10, 19 P.3d at 648–49. We held that "the reference to

'arbitration award' in the . . . Rules includes taxable costs." *Id.* at 507, ¶ 9, 19 P.3d at 648 (citing *Bittner v. Superior Court*, 182 Ariz. 434, 436, 897 P.2d 736, 738 (App.1995)). Further, we reasoned that the term "judgment" is a "technical term of art with specific meaning in Arizona law and practice," and that the judgment in that case, on its face, included both the damage award and the plaintiffs' taxable costs. *Vega*, 199 Ariz. at 507, ¶ 10, 19 P.3d at 648.

¶ 13 Although *Vega* specifically addressed only an approach to the taxable costs portions of an arbitration award and judgment, we conclude that the analysis extends to an award of attorneys' fees. Rule 76(a) governs the decision and award process in compulsory arbitration proceedings. It states in pertinent part:

> Within ten days after completion of the hearing, the arbitrator shall:
>
> . . .
>
> (5) file [a] notice of decision with the court.
>
> Within ten days of the notice of decision, either party may submit to the arbitrator a proposed form of *award* . . ., *including any form of award for attorneys' fees and costs* whether arising out of an offer of judgment, sanctions or otherwise, an affidavit in support of attorneys' fees if such fees are recoverable, and a verified statement of costs. Within five days of receipt of the foregoing, the opposing party may file objections. Within ten days of receipt of the objections, the arbitrator shall pass upon the objections and *file one signed original award* . . . with the Clerk of the Superior Court and on the same day shall mail or deliver copies thereof to all parties or their counsel.

Ariz. R. Civ. P. 76(a) (emphasis added). Based upon this language, the term "arbitration award" clearly includes any awards of attorneys' fees or costs. *See Bittner*, 182 Ariz. at 436, 897 P.2d at 738 ("Pursuant to the procedures set forth in [the former version of Rule 76(a)]," an arbitration award includes "the prevailing party's amount of

---

4. The version of the rule in effect at that time required that, to avoid sanctions under the rule, a judgment had to be at least ten percent more

favorable than the monetary relief granted by the arbitration award. *Vega*, 199 Ariz. at 506, ¶ 5, 19 P.3d at 647.

costs."). Likewise, to the extent that an award of attorneys' fees constitutes a portion of a judgment, that amount must also be included in the Rule 77(f) analysis. *See Vega*, 199 Ariz. at 507–08, ¶ 10, 19 P.3d at 648–49. Because the arbitration award included an award of attorneys' fees, the court erred when it failed to include that amount in its Rule 77(f) analysis.

¶ 14 AMI next argues that the court erred when it failed to consider the prejudgment interest portion of the judgment in the Rule 77(f) analysis. To the extent that the court failed to do so, we agree.

¶ 15 "A party is entitled to prejudgment interest on a liquidated claim as a matter of right." *Scottsdale Ins. Co.*, 220 Ariz. at 288, ¶ 32, 205 P.3d at 1135 (citing *John C. Lincoln Hosp. & Health Corp. v. Maricopa County*, 208 Ariz. 532, 544, ¶ 39, 96 P.3d 530, 542 (App.2004)). Prejudgment interest is an integral part of an applicable liquidated claim and "represents past economic loss ... properly adjusted to present value through an interest calculation." *Poleto v. Consol. Rail Corp.*, 826 F.2d 1270, 1278 n. 14 (3d Cir.1987), *abrogated on other grounds by Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990).

¶ 16 Here, AMI explicitly sought prejudgment interest in its complaint. The Abdeens were therefore on notice during the arbitration proceedings, and at the time they appealed from the arbitration award, that AMI was seeking prejudgment interest and that the arbitrator or trial court could grant that form of relief. Although the arbitrator declined to award prejudgment interest, the court awarded AMI $1467.57. The Abdeens had a duty to consider this possibility in assessing whether the arbitration award was reasonable and whether they should appeal. *See Farmers Ins. Co. v. Tallsalt*, 192 Ariz. 129, 130, ¶ 8, 962 P.2d 203, 204 (1998) (holding that the purpose of Rule 77(f) is "to discourage appeals of reasonable arbitration awards"). Because the judgment, on its face, included an award of prejudgment interest, the court erred to the extent that it failed to consider that amount in the Rule 77(f) analysis.

¶ 17 Finally, the Abdeens argue that, in reviewing the matter de novo, we should consider the effect of post-judgment interest on the arbitration award, and conduct the Rule 77(f) analysis as of the date of the court's ruling—November 28, 2008. Essentially, the Abdeens argue that, because the judgment was entered close to eight months after the arbitration award, Rule 77(f) requires that we compare the amount of the arbitration award plus eight months of post-judgment interest to the amount of the judgment. We disagree.

¶ 18 Generally, post-judgment interest does not represent a portion of the "monetary relief ... granted by the arbitration award," Ariz. R. Civ. P. 77(f), and should not be included in the Rule 77(f) analysis. Although prejudgment interest is an integral part of the monetary relief granted in either an arbitration award or judgment, a post-judgment interest provision is generally collateral to the underlying judgment or award and is merely an enforcement mechanism designed to encourage timely satisfaction of the judgment. *See Albuquerque Commons P'ship v. City Council*, 146 N.M. 568, 212 P.3d 1122, 1139 (Ct.App.2009) ("The recovery of post-judgment interest operates only as an enforcement mechanism to encourage the timely payment of damages after judgment has been entered."); *see also* Ariz. R. Civ. P. 76(a) (indicating that attorneys' fees and costs are included in an arbitration award, but failing to mention post-judgment interest).

¶ 19 Several other reasons counsel against the construction advocated by the Abdeens. First, once the Abdeens appealed the arbitration award, it was no longer subject to becoming an enforceable judgment capable of accruing post-judgment interest. *See* Ariz. R. Civ. P. 76(c) ("Upon expiration of the time for appeal, if no appeal has been filed, any party may file to have judgment entered on the award."). However, even if the award was capable of accruing interest post-appeal, the Abdeen's construction would unjustly penalize the non-appealing plaintiff who, but for a defendant's appeal, may have received full satisfaction of an arbitration award before

any post-judgment interest had accrued. Because post-judgment interest is not a static award, its inclusion in the Rule 77(f) analysis would add unnecessary complexity to the process and would detract from the underlying purpose of the Rule.

¶ 20 Second, a rule requiring trial courts to consider the effects of the post-judgment interest on an arbitration award in a Rule 77(f) analysis would create an incentive for appealing and non-appealing defendants to delay resolution of their case for as long as possible in an effort to inflate the total amount of the arbitration award. In either scenario, plaintiffs could be significantly disadvantaged under Rule 77(f). In the case of an appealing defendant, any delay in the resolution of the case would effectively increase the amount of the arbitration award and permit the defendant to circumvent the spirit of Rule 77(f) by engaging in delay tactics to increase his chances of obtaining a sufficiently more favorable judgment. Likewise, in the event of an appealing plaintiff, any delay would make it more difficult for the plaintiff to sufficiently improve on the arbitration award when it would be continually increasing as time passed. This would also force plaintiffs considering an appeal from arbitration to speculate on the duration of time that may pass between an arbitration award and a final judgment and prevent them from effectively assessing their chances of obtaining a 23% more favorable judgment. Thus, we hold that the effects of post-judgment interest should not be included by a court when engaging in the Rule 77(f) analysis.

¶ 21 In this case, the trial court was required to calculate the percentage reduction between the arbitration award (including the attorneys' fees and costs portions) and the judgment (including the prejudgment interest portion). The arbitration award consisted of the following amounts: $7650.00 in damages, $826.90 in taxable costs, and $1903.50 in attorneys' fees, for a total amount of $10,380.40. The judgment included the principal amount of $7076.79, and prejudgment interest in the amount of $1467.57, for a total of $8544.36. By appealing from the arbitration award, the Abdeens obtained a judgment only 17.7% more favorable than the arbitration award.[5]

¶ 22 Because the Abdeens did not obtain a judgment 23% more favorable than the arbitration award, the trial court was required to award reasonable attorneys' fees, taxable costs, and reasonable expert fees necessitated by the appeal "unless the court [found] on motion that the imposition of the costs and fees would create such a substantial economic hardship as not to be in the interests of justice." Ariz. R. Civ. P. 77(f). Because the Abdeens raised that issue with the trial court, and the court did not decide it, the court should consider it on remand. If the court fails to find that the imposition of costs and fees "would create such a substantial economic hardship as not to be in the interests of justice," Ariz. R. Civ. P. 77(f), it is directed to impose the monetary sanctions set forth in Rule 77(f).

■ ¶ 23 Finally, AMI and the Abdeens both request an award of attorneys' fees and costs incurred on appeal pursuant to A.R.S. §§ 12–341 and –341.01 (2003).[6] AMI has prevailed on the majority of issues and, therefore, we grant its request for reasonable attorneys' fees on appeal subject to its compliance with Arizona Rule of Civil Appellate Procedure 21. Because the Abdeens were largely unsuccessful on appeal, we deny

---

5. If the total arbitration award was $10,436.90, *see supra* note 1, and if prejudgment interest should have began accruing on November 28, 2006, rather than November 1, 2006, *see supra* note 2, the comparison would be between $10,436.90 and $8492.01 ($8544.36 minus twenty-seven days of prejudgment interest). Under these facts, the Abdeens obtained a judgment that was 18.6% more favorable than the arbitration award, still well under the required 23%.

6. AMI also argues that it is entitled to attorneys' fees on appeal "pursuant to their written con-

tract in this matter, that [the Abdeens] would' pay to Contractor a reasonable amount of attorney's fees 'should' Contractor be required to employ an attorney to enforce collection of *any payment required to be made.'*" The Abdeens argue that the request is "improper and not supported by the record on appeal." It appears that at trial, the parties disputed the contractual provisions cited by AMI. We therefore agree that the record does not support an award of fees and costs on appeal pursuant to the parties' contract.

their request for attorneys' fees. We also award AMI its costs on appeal to be determined upon its compliance with Rule 21.

## CONCLUSION

¶ 24 For the foregoing reasons, we vacate the denial of AMI's request for Rule 77(f) sanctions, and remand for proceedings consistent with this opinion.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge, and DANIEL A. BARKER, Judge.