291 P.3d 991

**Andrew BRADSHAW, individually, Plaintiff/Appellee,**

v.

**Maricela JASSO–BARAJAS, Defendant/Appellant.**

**No. 1 CA–CV 12–0085.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 8, 2013.

198

Law Office of Robert B. Stanewich by Robert B. Stanewich, Phoenix, Attorney for Defendant/Appellant.

Phillips & Lyon, P.L.C. by Jack H. Hirsch, Phoenix, Attorneys for Plaintiff/Appellee.

## OPINION

PORTLEY, Judge.

¶ 1 We are asked to decide whether the trial court erred by awarding attorneys' fees to plaintiff/appellee Andrew Bradshaw pursuant to Arizona Rule of Civil Procedure ("Rule") 77(f) without first deducting Rule 68(g) sanctions from the verdict. Because the court properly interpreted and applied both rules, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 The facts are undisputed. After a car accident, Bradshaw sued Maricela Jasso–Barajas for negligence. Jasso–Barajas filed an answer and subsequently served Bradshaw with a $9501 offer of judgment, including taxable costs. Bradshaw did not accept the offer, and the case proceeded to compulsory arbitration. The arbitrator awarded Bradshaw $12,000 plus $374.10 in taxable costs. Jasso–Barajas appealed the award, and a jury subsequently awarded Bradshaw $8604 in damages. The court added taxable costs of $946.10.[1]

¶ 3 Pursuant to Rule 77(f), the court then compared the arbitration award to the jury verdict (plus taxable costs), determined that

---

**1.** Based on the stipulation of the parties, the court reduced the taxable costs to $934.10 when conducting its Rule 77(f) analysis.

the difference was not greater than twenty-three percent, and ordered Jasso–Barajas to pay Bradshaw $8784 in attorneys' fees as a sanction.[2] The court then addressed the offer of judgment and awarded Jasso–Barajas $572 in sanctions pursuant to Rule 68(g) because the jury verdict (plus costs) was less than the offer. Jasso–Barajas appealed the resulting judgment.

## DISCUSSION

¶ 4 Jasso–Barajas challenges the award of attorneys' fees as a sanction. She contends that the court should have first deducted the Rule 68(g) sanctions from the verdict before determining whether any Rule 77(f) sanctions were warranted because the offer of judgment preceded the arbitration award and the verdict. She suggests that if the court had followed her mathematical calculation the difference between the verdict and arbitration award would have been more favorable than twenty-three percent, and she would not have been ordered to pay any attorneys' fees.[3]

¶ 5 We review the court's interpretation and application of Rules 68(g) and 77(f) de novo. *Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 15, ¶ 31, 261 P.3d 784, 790 (App. 2011); *Aqua Mgmt., Inc. v. Abdeen*, 224 Ariz. 91, 93, ¶ 8, 227 P.3d 498, 500 (App.2010). We review the plain language of the rules to discern their intent. *Poulson v. Ofack*, 220 Ariz. 294, 297, ¶ 8, 205 P.3d 1141, 1144 (App. 2009). If the language is unambiguous, we will follow the plain language. *Id.*

¶ 6 Rule 68(g) provides that the court shall impose sanctions if a party makes an offer of judgment that is not accepted and the final judgment is less than the offer. Ariz. R. Civ. P. 68(g). Any arbitration award that is appealed is also subject to Rule 77(f), which states, in relevant part, that:

If the judgment on the trial *de novo* is not more favorable by at least twenty-three percent (23%) than the monetary relief, or

more favorable than the other relief, granted by the arbitration award or other final disposition, the court shall order the deposit to be used to pay, or that the appellant pay if the deposit is insufficient, the following costs and fees unless the court finds on motion that the imposition of the costs and fees would create such a substantial economic hardship as not to be in the interests of justice:

. . .

(2) to the appellee, those costs taxable in civil actions together with reasonable attorneys' fees as determined by the trial judge for services necessitated by the appeal; and

(3) reasonable expert witness fees incurred by the appellee in connection with the appeal.

Ariz. R. Civ. P. 77(f).

¶ 7 The plain language of Rule 77(f) demonstrates that the trial court must compare the arbitration award to the judgment entered at trial. If the court determines that the difference is twenty-three percent or less, sanctions can be awarded, including attorneys' fees necessitated by the appeal. *See Aqua Mgmt.*, 224 Ariz. at 94–95, ¶ 13, 227 P.3d at 501–02; *Vega v. Sullivan*, 199 Ariz. 504, 508, ¶ 12, 19 P.3d 645, 649 (App.2001) (examining Uniform Rule 7(f), which was the precursor to Rule 77(f)) (internal quotation marks omitted); *see also* 2B Ariz. Prac., Civil Rules Handbook R 77 (2012 ed.). The purpose of Rule 77(f) is similar to that of Rule 68(g)—to encourage settlement and avoid needless litigation. *See, e.g., Warner v. Southwest Desert Images, LLC*, 218 Ariz. 121, 138, ¶ 57, 180 P.3d 986, 1003 (App.2008). The question then becomes whether the court had to first deduct any Rule 68(g) sanctions before determining whether the verdict was within the parameters of Rule 77(f).

¶ 8 The answer is provided by Rule 68(g). The Rule provides, in relevant part, that

---

**2.** The difference between the verdict (plus costs) and the arbitration award was $2836. Because the difference was only 22.9% more favorable than the arbitration award, Jasso–Barajas did not meet the Rule 77(f) 23% threshold to avoid the award of attorneys' fees.

**3.** Jasso–Barajas argues that if the difference had been ten dollars less she would have avoided the Rule 77(f) sanctions.

"[t]he determination whether a sanction should be imposed after an arbitration hearing shall be made by reference to the judgment ultimately entered, whether on the award ... or after an appeal of the award pursuant to Rule 77." Ariz. R. Civ. P. 68(g). The language provides that the court shall determine whether to impose a sanction under Rule 68(g) only after first complying with Rule 77. As a result, the court must first review the judgment after the appeal of an arbitration award, compare it to the arbitration award pursuant to Rule 77(f), impose any appropriate sanctions, and then consider the imposition of any Rule 68(g) sanctions.

¶ 9 Both rules provide a common-sense approach to analyzing the offer of judgment, arbitration award, final judgment and any sanctions. In *Hales v. Humana of Arizona, Inc.*, our court noted that the Rule 68 sanction provision required an "apples to apples comparison between the judgment and the offer" and rejected the argument that the offer of judgment, with costs, had to be compared to the judgment, exclusive of fees and costs, because such "would permit an apples to oranges comparison." 186 Ariz. 375, 378, 923 P.2d 841, 844 (App.1996) (internal quotation marks omitted); *see also Elliott v. Progressive Halcyon Ins. Co.*, 222 Or.App. 586, 194 P.3d 828, 832 (2008) (finding that although the verdict was less than the offer of judgment, the earlier discovery sanctions could not be tacked onto the verdict to defeat the offer of judgment because "the amount of any sanction awarded ... is not to be regarded as part of the judgment" for comparison purposes). As a result, Rule 68(g) recognizes that the "apples to apples" analysis pursuant to Rule 77(f) has to be conducted before determining whether to impose any Rule 68(g) sanctions. Consequently, the court was first required to conduct its comparison between the arbitration award and the final judgment pursuant to Rule 77(f), impose any sanctions, if warranted, and then address the offer of judgment, the final judgment, and any Rule 68(g) sanctions.

¶ 10 Here, the court followed the direction outlined in the rules. It first compared the final judgment, consisting of the jury verdict (plus costs), to the arbitration award (plus costs). Because the difference was not more favorable to Jasso–Barajas by at least twenty-three percent, she was ordered to pay Bradshaw's attorneys' fees pursuant to Rule 77(f). The court then compared the final judgment to the offer of judgment and, after determining that it was not greater than the offer, imposed Rule 68(g) sanctions on Bradshaw.

¶ 11 Jasso–Barajas has not cited any authority that supports her argument that the Rule 68(g) sanctions should have first been deducted from the verdict before any Rule 77(f) analysis. Also, there is no language in either rule that supports her argument and we have not found any case law that supports the argument. Consequently, the court correctly interpreted both rules and did not abuse its discretion in awarding Bradshaw attorneys' fees pursuant to Rule 77(f).

## CONCLUSION

¶ 12 Based on the foregoing, we affirm the trial court's analysis of Rules 68(g) and 77(f) in its ruling.

CONCURRING: PATRICIA A. OROZCO, and RANDALL M. HOWE, Judges.