IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

NORTH SHORE CONDOMINIUM ASSOCIATION,
*Plaintiff/Appellee/Cross-Appellant,*

*v.*

WAN-TSING KWANG,
*Defendant/Appellant/Cross-Appellee.*

No. 1 CA-CV 22-0641
FILED 9-14-2023

Appeal from the Superior Court in Maricopa County
No. CV2020-094346
The Honorable Rodrick J. Coffey, Judge

**VACATED AND REMANDED**

COUNSEL

The Bainbridge Law Firm, L.L.C., Phoenix
By Mark J. Bainbridge
*Counsel for Defendant/Appellant/Cross-Appellee*

Maxwell & Morgan, P.C., Mesa
By Garren R. Laymon, Jeffrey B. Corben
*Counsel for Plaintiff/Appellee/Cross-Appellant*

---

**OPINION**

Presiding Judge Jennifer B. Campbell delivered the opinion of the Court, in which Judge Kent E. Cattani and Judge Anni Hill Foster joined.

---

**C A M P B E L L**, Judge:

¶1        In this compulsory arbitration case, the arbitrator filed an award addressing the plaintiff's request for attorneys' fees and costs after the notice of decision became an award by operation of law and the time to appeal that award expired. The superior court treated the second award as valid, entering an additional judgment based on that award. We vacate the additional judgment because it was based on a legal nullity—the arbitrator had no authority to modify or add to the award after the notice of decision was converted to a final award. We remand for the court to enter judgment on the award that arose from the filing of the notice of decision and passage of time, and we vacate the second award granting litigation fees and costs.

**BACKGROUND**

¶2        North Shore Condominium Association, a non-profit property owners' association, brought an action and moved unsuccessfully for summary judgment against its member Wan-Tsing Kwang for delinquent assessments. The matter then proceeded to compulsory arbitration.

¶3        On December 15, 2021, the arbitrator filed a notice of decision in favor of North Shore for $6,942.50 in unpaid assessments and $1,645 in attorneys' fees. The arbitrator directed North Shore to apply for its recoverable costs. On December 20, 2021, North Shore submitted a proposed award to the arbitrator and asked for costs as well as an additional $16,885 in litigation-related attorneys' fees. Kwang objected, and North Shore moved to strike the objection as untimely and improperly filed.

¶4        The arbitrator did not act on North Shore's application until March 22, 2022, about a week after the superior court notified the parties that the case would be dismissed absent the filing of a motion to enter judgment on the arbitration award. On that date, the arbitrator finally filed an arbitration award addressing the outstanding request for attorneys' fees

and costs. The arbitrator gave North Shore costs plus litigation attorneys' fees totaling $10,920. North Shore moved for entry of judgment on the arbitrator's award which included the amounts granted in the initial award along with the grant of attorneys' fees and costs. Kwang appealed the award to the superior court and sought entry of judgment consistent with the notice of decision, arguing that it had become the final award by operation of law before the arbitrator acted by awarding the additional fees and costs.

¶5        Limiting Kwang's appeal to the new fees and costs awarded by the arbitrator, the court decided the appeal on briefing. The court entered a judgment for North Shore that included costs and a reduced award of $8,000 in litigation-related attorneys' fees.

¶6        Kwang timely appealed, and North Shore timely cross-appealed.

## DISCUSSION

¶7        Kwang contends that under the rules of civil procedure, the passage of time caused the notice of decision to become the final arbitration award in February 2022. He contends that the superior court lacked authority to award the costs and additional fees in the March 2022 arbitration award. We review the interpretation of court rules de novo, giving effect to their clear and unambiguous language as the best indicator of the drafters' intent. *Fragoso v. Fell*, 210 Ariz. 427, 430, ¶ 7 (App. 2005).

¶8        The rules governing compulsory arbitration contemplate that the arbitrator will make two sequential filings: a notice of decision and then a final arbitration award. *Phillips v. Garcia*, 237 Ariz. 407, 411, ¶ 11 (App. 2015). After the notice of decision is filed, either party may submit a proposed form of arbitration award, which "may include blanks for requested amounts for attorney's fees and costs." Ariz. R. Civ. P. 76(b)(1). After considering any objections, the arbitrator must then file an arbitration award deciding any fees and costs issues. Ariz. R. Civ. P. 76(b)(4); *Aqua Mgmt., Inc. v. Abdeen*, 224 Ariz. 91, 94, ¶ 13 (App. 2010). The filing of the award divests the arbitrator of jurisdiction and revests jurisdiction in the superior court. *Diggs Realty & Ins. v. Pertile*, 114 Ariz. 85, 85–86 (App. 1977).

¶9        The rules also expressly address what should happen when an arbitrator fails to timely file an arbitration award: "[i]f an award or stipulation for entry of another form of relief is not filed with the court within 50 days after the notice of decision is filed, the notice of decision will constitute the arbitrator's award." This automatic-conversion rule ensures

3

finality and promotes compulsory arbitration's express intent of "provid[ing] for the efficient and inexpensive resolution of claims." Ariz. R. Civ. P. 75(b)(1). Nothing in the automatic-conversion rule suggests that a pending request for attorneys' fees or costs will prevent its application. *See* Ariz. R. Civ. P. 76(c). Nor does anything in the rule suggest that an award arising under the automatic-conversion rule has lesser effect than an award filed by the arbitrator. *See id.* To the contrary, the rule governing appeals, Rule 77(b), recognizes that both forms of award trigger the right to appeal and the deadlines limiting the time for such an appeal. That rule provides that "[t]o appeal an award, a party must file a notice of appeal no later than 20 days after (1) the award is filed *or* (2) the date on which the notice of decision becomes an award under Rule 76(c), whichever occurs first." Ariz. R. Civ. P. 77(b) (emphasis added).

¶10 We reject North Shore's contention that the appeal rule's "whichever occurs first" language can only mean that an automatic-conversion award does not preclude the arbitrator from filing a second award altering or adding to it. The quoted phrase does not authorize a series of arbitration awards and accompanying number of opportunities to appeal the changing results. Rather, it recognizes that the time to appeal is determined by which of the two time-dependent mechanisms created the award. To accept North Shore's arguments would be to ignore the plain language of both the automatic-conversion rule and the appeal rule, and to deprive the parties of an expeditious resolution and certainty. *See* Ariz. R. Civ. P. 76(c), 77(b). Consistent with the rules' recognition that awards created by operation of law have the same effect as awards filed by the arbitrator, we hold that when an award arises under the automatic-conversion rule, the arbitrator is divested of jurisdiction and has no independent authority to make additional rulings.

¶11 Here, under the terms of the rules, the notice of decision became the award in early February 2022, and the deadline to appeal expired later that month without either party appealing or otherwise seeking resolution of the outstanding fees and costs request. The arbitrator's unilateral filing of a second award in March 2022 was a nullity that the court could not consider as it was issued after the arbitrator's grant of jurisdiction expired. The superior court had no discretion but to enter

judgment on the February 2022 award pursuant to Kwang's motion.[1] *See* Ariz. R. Civ. P. 76(d).

¶12 We recognize that the rules placed North Shore in an unenviable position. North Shore acted promptly in seeking fees and costs following the arbitration, but the arbitrator was remiss in ruling.[2] The arbitrator's delay in fulfilling his duty created an automatic-conversion award that failed to address litigation fees and costs. The rules specify only one route for relief from an award: appeal. If North Shore had appealed the award, the court could have remanded the matter to the arbitrator for a decision on fees and costs. Ariz. R. Civ. P. 77(d). But an appeal also would have exposed North Shore to a trial de novo on all issues—an undesirable result for a prevailing party. *Id.*; *see also Schwab Sales, Inc. v. GN Constr. Co.*, 196 Ariz. 33, 35, ¶¶ 5–7 (App. 1998). We must, however, interpret the rules according to their express terms.

¶13 It is also important to note that had North Shore acted diligently earlier in the case, it might have avoided the post-award dilemma. Rule 76 gives parties ample opportunity to avoid an automatic-conversion award. An arbitrator's duty to file an award resolving fees and costs is triggered approximately 25 days after the notice of decision is filed.[3] Ariz. R. Civ. P. 76(b). The automatic-conversion rule does not come into play until 50 days after the notice of decision is filed. Ariz. R. Civ. P. 76(c). Parties whose arbitrators have not timely ruled on fees and costs thereby have time to urge the arbitrator to rule before it is too late. North Shore made no such effort.

---

[1] Because we so hold, we need not address Kwang's alternative argument that his appeal from the March 2022 award entitled him to a trial de novo on all issues. Further, North Shore's cross-appeal challenging the amount of the litigation attorneys' fees award is moot.

[2] Failure to rule on a motion may constitute an implicit denial of the motion. *See Pearson v. Pearson*, 190 Ariz. 231, 237 (App. 1997). But here, where the court directed North Shore to apply for costs and belatedly purported to award fees, the arbitrator clearly did not intend to act through silence.

[3] Rule 76(b) provides that the proposed form of award must be submitted within 10 days of the notice of decision's filing, that an opposing party has 5 days from receipt of the proposed form of award to submit objections, and that the arbitrator has 10 days from receipt of the objections to rule on them and file the award.

**¶14** Rule 76(e) also suggests that the court may sua sponte order a negligent arbitrator to act. That rule requires clerks and court administrators to refer matters to the assigned judge "for appropriate action" if no award is filed within 145 days of the arbitrator's appointment or 30 days after a noticed hearing, whichever is later.[4] Ariz. R. Civ. P. 76(e); *see also* Ariz. R. Civ. P. 77(i) (in appeal rule, providing that court "may contact an arbitrator regarding the arbitration award or other matters relating to the arbitration"). But that rule does not impose a judicial obligation to investigate and manage the arbitrator's docket, and the automatic-conversion rule ensures that an award will be entered even in the absence of court intervention. Arbitrators should issue timely awards. When they fail to meet that obligation, diligent parties should act affirmatively to remind arbitrators of outstanding motions—or to inform courts of matters still pending—before the rules' clear deadlines pass.

## CONCLUSION

**¶15** We vacate the court's entry of judgment because it was based on an appeal from an award that had no legal effect. We remand with directions that the court enter judgment consistent with the award that automatically arose from the notice of decision.

**¶16** Both parties request attorneys' fees on appeal, citing A.R.S. § 12-341.01 and the condominium declarations, Section 13.1 of which provides that "[i]f any lawsuit is filed by [North Shore] . . . to enforce the provisions of the Condominium Documents or in any other manner arising

---

[4] We note that under Rule 76(a) and (b), in some cases the arbitrator may properly enter an award slightly more than 30 days after the hearing: the arbitrator has 10 days from the hearing to file the notice of decision, the parties then have 10 days to submit a proposed form of award and 5 days from receipt to submit objections, and the arbitrator then has 10 days from receipt to rule.

out of the Condominium Documents . . ., the prevailing party in such action shall be entitled to recover from the other party all attorney fees incurred by the prevailing party in the action." Because Kwang is the prevailing party, we grant his request for fees and deny North Shore's. Kwang is entitled to recover fees plus costs under A.R.S. § 12-341, contingent his compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA