335 P.3d 551

John **GRANVILLE**,
Plaintiff/Appellee/Cross–Appellant,

v.

Vince Leroy **HOWARD** and Jane Doe
Howard, husband and wife, Defen-
dants/Appellants/Cross–Appellees.

No. 1 CA–CV 13–0370.

Court of Appeals of Arizona,
Division 1.

Sept. 30, 2014.

Knapp & Roberts, P.C., Scottsdale By David L. Abney, for Plaintiff/Appellee/Cross–Appellant.

DeCiancio Robbins, P.L.C., Tempe By Joel DeCiancio, Christopher Robbins for Defendants/Appellants/Cross–Appellees.

Judge MARGARET H. DOWNIE delivered the opinion of the Court, in which Presiding Judge KENTON D. JONES and Judge DONN KESSLER joined.

## OPINION

DOWNIE, Judge.

¶ 1 Vince Leroy Howard appeals from a judgment awarding John Granville $72,000 in attorneys' fees under Arizona Rule of Civil Procedure 77(f) (judgment after trial *de novo* from arbitration appeal). Granville cross-appeals, arguing the superior court erred by not awarding him the full amount of fees he requested. In this opinion, we set forth several non-exclusive factors that trial courts should consider when awarding fees under Rule 77(f). We vacate the fee award entered in this matter and remand for reconsideration based on the factors stated herein.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Howard's car struck Granville's truck at a low rate of speed. Granville was diagnosed with soft tissue injuries and received chiropractic treatment at a cost of $4745.05. Granville sued Howard for negligence. Because the amount in controversy did not exceed $50,000, the case was referred to compulsory arbitration. The arbitrator awarded Granville $6719.45, which included $4745.05 in damages, $1163.90 in costs, and $810.50 in Rule 68 sanctions. Howard filed a notice of appeal. *See* Rule 77(a). After a trial *de novo* in superior court, jurors found in favor of Howard. The superior court entered judgment against Granville for $17,885.50, which included taxable costs, Rule 68 sanctions, and expert witness fees. Granville appealed.

¶ 3 In *Granville v. Howard* ("*Granville I*"), 1 CA–CV 11–0133, 2012 WL 504197, at *6–7, ¶¶ 25, 30 (Ariz.App. Feb.16, 2012) (mem.decision), this Court reversed the defense verdict in favor of Howard and remanded for a new trial. *Id.* at *7, ¶ 30. On remand, the second jury returned a verdict for Granville, setting his damages at $918.50. After extensive briefing, the superior court

entered judgment against Howard for $86,646.40, which included the jury's damages award; $5950.65 in taxable costs; $5027.25 in Rule 68 sanctions; $2750 in expert witness fees; and $72,000 in attorneys' fees.

¶ 4 Howard timely appealed, and Granville filed a timely cross-appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) and – 2101(A)(1).

## DISCUSSION

¶ 5 With exceptions not relevant here, civil cases are subject to compulsory arbitration if no party seeks affirmative relief other than a money judgment or seeks an award exceeding the jurisdictional limit for arbitration set by local rule. *See* A.R.S. § 12–133(A); Rule 72(b). In Maricopa County, the jurisdictional limit for compulsory arbitration is $50,000. Ariz. Local R. Prac.Super. Ct.. (Maricopa) 3.10(a).

¶ 6 A.R.S. § 12–133(H) and Rule 77 permit a party that participates in compulsory arbitration proceedings to appeal the arbitration award and obtain a trial *de novo* in superior court. If, however, the judgment issued after the trial *de novo* is not more favorable to the appealing party by at least 23%, the superior court "shall" impose certain costs and fees, including "reasonable attorneys' fees as determined by the trial judge for services necessitated by the appeal." Rule 77(f).

### I. Constitutional Claims

█ ¶ 7 Relying on cases analyzing punitive damage awards, Howard challenges the facial validity of Rule 77(f), as well as its constitutionality as applied. In an opinion issued this same date, we reject similar due process and equal protection claims. *See Fisher v. Edgerton,* 1 CA–CV 13–0428, 236 Ariz. 71, 336 P.3d 167, 2014 WL 4853838 (Ariz.App. Sept. 30, 2014). As we hold in *Fisher,* the constitutional underpinnings for limiting punitive damage awards simply do not exist in the context of Rule 77 fee awards.

1. Howard filed no such motion.

¶ 8 We adopt the reasoning and holding of *Fisher* in rejecting Howard's constitutional claims. We also disagree with Howard's suggestion that Rule 77(f) discriminates against defendants. Although including post-arbitration costs in the calculation makes it more difficult for *any* appellant to improve by at least 23% at a trial *de novo,* that reality does not establish the requisite disparate treatment. *See Vega v. Sullivan,* 199 Ariz. 504, 509, ¶ 16, 19 P.3d 645, 650 (App.2001) ("[T]he bar on trial de novo is similarly raised for whichever party, plaintiff or defendant, appeals from the arbitration award.").

### II. Amount of Fee Award

█ ¶ 9 Both Howard and Granville challenge the amount of the superior court's fee award. Although the court was required to award fees to Granville, it had discretion in setting the amount.

¶ 10 Fee awards under Rule 77 must be "reasonable," and the fees awarded must be "for services necessitated by the appeal." Rule 77(f)(2). The court may decline to award fees and costs if it "finds on motion that the imposition of the costs and fees would create such a substantial economic hardship as not to be in the interests of justice." Rule 77(f).[1]

█ ¶ 11 "Reasonableness" is a time-honored standard for assessing fees. Black's Law Dictionary defines "reasonable" as "[f]air, proper, or moderate under the circumstances." Black's Law Dictionary 1379 (9th ed.2009). In various contexts, Arizona's appellate courts have articulated factors that trial courts should consider in setting a "reasonable" attorneys' fee award. *See, e.g., Associated Indem. Corp. v. Warner,* 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985) (discussing fee awards in contested contract actions pursuant to A.R.S. § 12–341.01); *In re Guardianship of Sleeth,* 226 Ariz. 171, 175, ¶¶ 16–18, 244 P.3d 1169, 1173 (App.2010) (discussing fee awards in probate proceedings). Many of the factors set forth in these decisions are also relevant to fee requests under Rule 77(f). But there are also unique consid-

erations in the context of an arbitration appeal. A non-exclusive list of factors that trial courts should consider when making fee awards under Rule 77(f) includes:

- Whether the arbitration appeal was filed in good faith or was pursued to delay the proceedings, unduly burden the opposing party, or coerce capitulation based on superior financial resources.

- How close the appealing party came to meeting the 23% standard (which may inform the assessment of whether the appeal was pursued in good faith).

- The amount in controversy. Although a Rule 77(f) fee award may exceed the amount of the damages award, the reasonableness inquiry necessarily entails consideration of the amount in dispute. *See Berryman v. Metcalf*, 177 Wash.App. 644, 660, 312 P.3d 745, 755 (2013) ("In a mandatory arbitration case, where the sole objective of filing suit is to obtain compensatory damages for an individual plaintiff, the proportionality of the fee award to the amount at stake remains a vital consideration.").

- Whether post-arbitration litigation could have been avoided or settled.

- Whether failure to improve on the arbitration award by the required percentage may be attributable to evidence introduced at the trial *de novo* of post-arbitration damages. *See Poulson v. Ofack*, 220 Ariz. 294, 295–96, ¶¶ 1, 4, 205 P.3d 1141, 1142–43 (App.2009) (trial court permitted plaintiff to present post-arbitration medical expenses at trial *de novo*).

- The amount of fees the requesting party is obligated to pay his or her lawyer.[2]

- Whether the requested fees were necessarily incurred or whether it appears that some fees were generated because of the prospect of a fee-shifting award under Rule 77(f).

¶ 12 No single factor is dispositive, and the weight to be given each factor will vary from case to case. Although Rule 77(f) does not require findings of fact and conclusions of law, meaningful appellate review will be facilitated if the trial court specifies the factors it found most significant—particularly in cases that result in relatively low or high fee awards vis-a-vis the amount in controversy.

¶ 13 The $72,000 fee award in this case appears quite high when assessed against some of the relevant factors. Ultimately, though, we lack sufficient information to conclusively determine its reasonableness. *See Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 189, 673 P.2d 927, 933 (App. 1983) ("[A]n appellate court is somewhat unsuited for the fact-finding inquiry which is frequently necessary to properly determine reasonable fees for legal services rendered."). On remand, the superior court shall reconsider the amount of the fee award by applying the enumerated factors, along with any other considerations it deems relevant.

¶ 14 Our remand order obviates the need to resolve Howard's remaining arguments about the amount of the fee award, as well as Granville's cross-appeal contention he should have been awarded $142,827.50 in fees. Because the issue is likely to arise on remand, though, we address Howard's assertion that fees incurred in connection with the appeal to this Court in *Granville I* may not be recovered under Rule 77(f).

¶ 15 Analyzing the substantially similar predecessor rule to Rule 77(f),[3] this Court held that attorneys' fees incurred in the court of appeals are not recoverable. In *Jarostchuk v. Aricol Commc'ns, Inc.*, 189 Ariz. 346, 349–50, 942 P.2d 1178, 1181–82 (App.1997), we stated:

Neither Rule 7(f) nor A.R.S. section 12-133(I) expressly provides for an award of attorneys' fees in the court of appeals. Because the rule and statute provide that fees "shall" be ordered on appeal to superi-

---

2. A contingency fee agreement, however, sets neither an absolute floor nor ceiling for a fee award under Rule 77(f).

3. Uniform Rule of Procedure for Arbitration 7(f) stated that if the judgment after a trial *de novo* was not at least 10% more favorable than the

arbitration award, the appellant must pay reasonable attorneys' fees for services necessitated by the appeal. *See Jarostchuk v. Aricol Commc'ns, Inc.*, 189 Ariz. 346, 349–50, 942 P.2d 1178, 1181–82 (App.1997).

or court, they are mandates. Because these mandates do not expressly include appeals from … superior court, we presume that the drafters intended that these mandates apply only in superior court and that other statutes and rules apply in the court of appeals. We therefore conclude that neither Rule 7(f) nor A.R.S. section 12–133(I) applies in the court of appeals.

*Id.* at 350, 942 P.2d at 1182.

¶16 There is an additional, independent ground for holding that the superior court may not award fees incurred in *Granville I*. Granville made no fee request under ARCAP 21. Although we sometimes grant the superior court the authority to award appellate fees when a case is remanded, that did not occur in *Granville I*. Unless otherwise stated in an appellate decision, the court of appeals determines whether fees are recoverable in connection with an appeal, and, if so, the appropriate amount.

¶17 For both stated reasons, Granville is not entitled to recover fees he incurred in *Granville I*.

## CONCLUSION

¶18 We vacate the $72,000 attorneys' fee award in favor of Granville and remand for reconsideration of the amount of the award based on the principles enunciated herein. Because Howard was successful in vacating the existing fee award, he is entitled to recover his appellate costs upon compliance with ARCAP 21.