NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

KAREN A. PETROVICH,
*Plaintiff/Appellant,*

*v.*

CHLOE N. BRANCIFORTE and JOHN
DOE BRANCIFORTE, her husband;
JOHN and JANE DOES, I-X; XYZ
CORPORATIONS and/or PARTNERSHIPS, I-X,
*Defendants/Appellees.*

No. 1 CA-CV 16-0036
FILED 1-12-2017

---

Appeal from the Superior Court in Maricopa County
No. CV2013-011980
The Honorable Randall H. Warner, Judge

**AFFIRMED**

---

COUNSEL

Levenbaum Trachtenberg, PLC, Phoenix
By Geoffrey M. Trachtenberg, Justin Henry
*Co-Counsel for Plaintiff/Appellant*

William J. Wolf, PC, Phoenix
By William J. Wolf
*Co-Counsel for Plaintiff/Appellant*

Jennings, Strouss & Salmon, PLC, Phoenix
By Matthew L. Cates, John J. Egbert
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Paul J. McMurdie joined.

---

J O H N S E N, Judge:

**¶1**        Karen A. Petrovich appeals from a judgment awarding her $20,180 in attorney's fees under Arizona Rule of Civil Procedure ("Rule") 77.[1]  For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        Petrovich suffered injury when her car was rear-ended by a car driven by Chloe N. Branciforte.  Petrovich sued Branciforte, and the parties agreed the claim was subject to compulsory arbitration.  The arbitrator awarded Petrovich $12,303.50 in damages, court costs and attorney's fees.

**¶3**        Pursuant to Arizona Rule of Civil Procedure 77(a), Branciforte appealed the arbitration award.  Following a three-day trial, a jury awarded Petrovich $6,845.72 in damages.  As the prevailing party, Petrovich also was awarded costs of $3,854.58, bringing her total award to $10,700.30.  Because Branciforte's appeal did not result in a judgment at least 23% more favorable than the arbitration award, Petrovich also was entitled to reasonable expert fees and reasonable attorney's fees under Rule 77(f).

**¶4**        Petrovich filed an application seeking fees of $35,315 for 100.9 hours of work by her lawyer, William J. Wolf, at $350 per hour.  In support of her lawyer's hourly rate, Petrovich submitted an affidavit by Wolf, who averred he has been practicing since 1971, that $350 is a reasonable rate for his services and that $350 had been his "base hourly rate for more than 10 years."  Petrovich also submitted the affidavits of two other Arizona

---

[1]        We cite the version of Rule 77 that was in effect at the time of the events in this case, before the amendments that were effective January 1, 2017.

personal injury lawyers, both of whom averred that $350 "would constitute the minimum value for Mr. Wolf's time expended in personal injury matters."

**¶5**        Although the superior court found the number of hours Wolf spent on the case to be reasonable, it found an hourly rate of $350 was unreasonable under the circumstances.  According to the court, $350 was a reasonable hourly rate for an attorney with Wolf's experience, but "[n]o reasonable client would pay a lawyer $350 per hour to pursue a case of this nature."  Instead, the court found $200 to be a reasonable hourly rate for "this small personal injury case," and awarded attorney's fees calculated based on that rate and the number of hours Wolf averred he spent on the matter.

**¶6**        Petrovich timely appealed the award of attorney's fees.  We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2017) and -2101(A)(1) (2017).[2]

## DISCUSSION

**¶7**        With certain exceptions, civil cases may be subject to compulsory arbitration if no party seeks affirmative relief other than a money judgment and no party seeks an award in excess of the jurisdictional limit for arbitration.  A.R.S. § 12-133(A) (2017); Ariz. R. Civ. P. 72(b).  In Maricopa County, the jurisdictional limit for compulsory arbitration is $50,000.  Ariz. Local R. Prac. Super. Ct. (Maricopa) 3.10(a).

**¶8**        Under Rule 77(a), "[a]ny party who appears and participates in [compulsory arbitration] may appeal from the award or other final disposition."  Upon such an appeal, if the resulting judgment "is not more favorable by at least twenty-three percent (23%) than the monetary relief . . . granted by the arbitration award . . . , the court shall order . . . that the appellant pay . . . the following costs and fees," including "reasonable attorney's fees as determined by the trial judge for services necessitated by the appeal."  Ariz. R. Civ. P. 77(f)(2) (current version at Ariz. R. Civ. P. 77(h)(2)).

**¶9**        "The determination of the reasonableness of an award of attorney's fees . . . will not be disturbed on appeal absent an abuse of discretion." *State ex rel. Corbin v. Tocco*, 173 Ariz. 587, 595 (App. 1992); *see*

_____

[2]        Absent material revision after the relevant date, we cite a statute's current version.

*also Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18 (App. 2004). "When provided with discretion to calculate the amount of fees to grant, the court may award less than the requested amount." *Moedt v. General Motors Corp.*, 204 Ariz. 100, 105, ¶ 17 (App. 2002). "The question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason." *See Assoc. Indem. Corp. v. Warner*, 143 Ariz. 567, 571 (1985) (quoting *Davis v. Davis*, 78 Ariz. 174, 179 (1954) (Windes, J., specially concurring)).

¶10        In *Granville v. Howard*, 236 Ariz. 29, 32, ¶ 11 (App. 2014), this court set out a non-exclusive list of factors the superior court should consider when making a fee award under Rule 77(f). These factors include "[t]he amount in controversy"; "[t]he amount of fees the requesting party is obligated to pay his or her lawyer"; and "[w]hether the requested fees were necessarily incurred or whether it appears that some fees were generated because of the prospect of a fee-shifting award under Rule 77(f)." *Granville*, 236 Ariz. at 32, ¶ 11.

¶11        Petrovich argues the court erred by reducing Wolf's hourly rate to $200 because the only evidence in the record regarding reasonable hourly rates established a reasonable rate to be $350. She points out that although Branciforte argued in general fashion that $350 was too high, she submitted no evidence in support of a lower rate.

¶12        In determining reasonable attorney's fees under Rule 77, however, the superior court is not limited to considering evidence submitted by either party regarding a reasonable hourly rate or a reasonable number of hours of attorney time for the case. *See Granville*, 236 Ariz. at 32, ¶ 11; *Moedt*, 204 Ariz. at 105-06, ¶ 20 (court can consider the complexity and novelty of a case when determining what amount to award in attorney's fees).[3] Having presided over the trial, the superior court was uniquely positioned to assess the relative complexities of the litigation. The court also had discretion to adjust the reasonable fee based on the relatively small amount in controversy, *see Granville*, 236 Ariz. at 32, ¶ 11. In addition, notwithstanding *Granville*'s express reference to "[t]he amount of fees the requesting party is obligated to pay his or her lawyer" as a factor bearing

---

[3]        Petrovich asks this court to reconsider *Granville*, arguing that "the *Granville* factors actually encourage appeals of arbitration awards in direct conflict with Rule 77's stated purpose – that is, to discourage appeals from reasonable arbitration awards." We decline to reconsider *Granville*.

on the reasonableness of a fee award, *id.*, Petrovich declined to submit her fee agreement for the superior court's consideration.

¶13        Based on the record, the superior court reasonably could have determined that the amount in controversy and the nature of the case warranted a significant reduction in the amount of attorney's fees Petrovich requested.  Accordingly, we cannot conclude the court abused its discretion in awarding less than the requested amount of attorney's fees.

## CONCLUSION

¶14        For the reasons set forth above, we affirm the judgment and the award of $20,180 in attorney's fees.



AMY M. WOOD • Clerk of the Court
FILED:  AA