NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

THE HOGSTROM FAMILY TRUST,
DATED JULY 28, 1997.

GORDON GOODRICH,
*Plaintiff/Appellant*,

v.

JUDY HAEUSSLER,
*Defendant/Appellee*.

No. 1 CA-CV 20-0667
FILED 12-23-2021

Appeal from the Superior Court in Maricopa County
No. PB2017-002735
The Honorable Amy Michelle Kalman, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Udall Law Firm, LLP, Tucson
By Debra Celene Boyer
*Counsel for Plaintiff/Appellant*

Barry Becker, PC, Phoenix
By Barry C. Becker
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge David B. Gass joined.

---

**M O R S E**, Judge:

¶1      Gordon Goodrich appeals the superior court's determination that he lacked standing to bring claims against Judy Haeussler under the Adult Protection Services Act ("APSA"), and the *sua sponte* dismissal of his remaining claims. For the following reasons, we affirm in part, vacate in part, and remand.

### FACTS AND PROCEDURAL BACKGROUND

¶2      In 1997, Maxine Hogstrom and her husband created a trust ("Hogstrom Trust"). The Hogstrom Trust's principal asset was H & H Management, Inc. ("H&H"). In 2005, Haeussler became president of H&H. Later, Haeussler became successor trustee of the Hogstrom Trust.

¶3      Goodrich is Maxine Hogstrom's nephew and a beneficiary of the Hogstrom Trust. After Maxine Hogstrom passed away in August 2016, Haeussler, as trustee, wanted to sell the shares of H&H to herself for $350,000, and asked Goodrich for his consent. Goodrich refused, and Haeussler sought judicial approval for the transaction. Goodrich objected and filed a counterclaim alleging breaches of fiduciary duty and violations of the APSA. Goodrich also sought Haeussler's removal as trustee and an accounting.

¶4      In early 2018, the parties reached an agreement in which Goodrich withdrew his objection to the transaction, and Haeussler purchased the H&H shares.

¶5      Subsequently, the parties filed multiple cross-motions for summary judgment. The court noted a "large quantity" of disputed facts and denied the parties' requests for summary judgment on the merits. However, Haeussler separately argued that Goodrich did not have standing to raise claims based on Haussler's fiduciary duty as president of H&H because neither Goodrich nor the Hogstrom Trust remained a shareholder. Goodrich did not respond to the standing argument but instead tried to recast the fiduciary claims as violations of the APSA.

Haeussler countered that Goodrich could not pursue APSA claims because he failed to petition the court for permission to file a claim. *See* A.R.S. § 46-456(G). The superior court agreed with both of Haeussler's arguments, granted summary judgment on those claims, and determined no other matters remained pending.

¶6 After a status conference, the court entered judgment for Haeussler and dismissed Goodrich's complaint. Goodrich timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(9).

## DISCUSSION

### I. Standing Under the APSA.

¶7 We review the grant of summary judgment de novo. *In re Estate of Wyttenbach*, 219 Ariz. 120, 122, ¶ 8 (App. 2008). "We also interpret statutes de novo." *In re Estate of Olsen*, 251 Ariz. 209, 211, ¶ 8 (App. 2021). "Our primary objective is to discern and give effect to the intent of the legislature . . . ." *Vega v. Sullivan*, 199 Ariz. 504, 507, ¶ 8 (App. 2001). The best and most reliable indicator of intent is the language of the statute. *Id.* at ¶ 9. "If the language is unambiguous, it must be given effect as written." *Poulson v. Ofack*, 220 Ariz. 294, 297, ¶ 8 (App. 2009).

¶8 The APSA provides broad protections from financial exploitation for vulnerable adults. *See* A.R.S. § 46-456; *In re Wyttenbach*, 219 Ariz. at 123, ¶¶ 12, 15. Section 46-456(G) allows the "vulnerable adult, or the duly appointed conservator or personal representative" to file APSA claims. If those named entities do not commence an action, "any other interested person . . . may petition the court for leave to file an action on behalf of the vulnerable adult or the vulnerable adult's estate." A.R.S. § 46-456(G).

¶9 As a trust beneficiary Goodrich is an "interested person," A.R.S. § 14-1201(33), but he did not petition the court for leave to file suit on Maxine Hogstrom's behalf. Instead, Goodrich asserts that permission from the court is not required and that the "statute merely addresses priority for initiating a complaint thereunder." We disagree. The statute provides an exception to traditional standing requirements, allowing a party to pursue claims on behalf of a vulnerable adult. The statute's plain language requires an interested person to "petition the court for leave" to qualify for that exception. A.R.S. § 46-456(G). Goodrich did not comply with the statutory scheme and therefore does not have standing. *See In re Stephens Revocable Tr.*, 249 Ariz. 523, 526, ¶ 13 (App. 2020) ("[A]n interested

person seeking to file a financial exploitation complaint must seek leave of court to file the complaint under APSA.")

¶10            Goodrich alternatively argues that petitioning the court is unnecessary and inconsistent with the statute's broad purpose. Although the APSA creates "broad protective provisions," *Delgado v. Manor Care of Tucson AZ, LLC*, 242 Ariz. 309, 313, ¶ 16 (2017), we cannot ignore the statute's express requirements, *see Bilke v. State*, 206 Ariz. 462, 464, ¶ 11 (2003) ("The court must give effect to each word of the statute."); *Canon Sch. Dist. No. 50 v. W.E.S. Const. Co.*, 177 Ariz. 526, 529 (1994) (noting "we are reluctant to construe the words of a statute to mean something other than what they plainly state").

¶11            Finally, Goodrich argues his "APSA claim was a compulsory counterclaim" and the statute does not address such a situation. Assuming *arguendo* that Goodrich's APSA claims are compulsory counterclaims, Goodrich does not cite, and we cannot find, authority making counterclaims immune from complying with procedural requirements. And, in other contexts we have assumed prefiling conditions applied equally to counterclaims. *See Flood Control Dist. of Maricopa Cnty. v. Paloma Inv. Ltd.*, 230 Ariz. 29, 43, 45, ¶¶ 44-46, 54 (App. 2012) (finding counterclaim timely complied with "notice of claim" statute); *State v. Mabery Ranch, Co., LLC*, 216 Ariz. 233, 244, ¶¶ 45-46 (App. 2007) (discussing applicability of "notice of claim" statute to a counterclaim for injunctive relief). Because A.R.S. § 46-456(G)'s petition requirement does not distinguish between claims and counterclaims, it applies to both. In sum, the court did not err in concluding that Goodrich lacked standing to bring claims under the APSA.[1]

## II.     Dismissal of Remaining Claims.

¶12            Goodrich also asserts his other claims "were not all under the penumbra of the APSA and his claims should not have been dismissed with prejudice for lack of standing."

¶13            The superior court denied Haeussler's first summary judgment motion. Haeussler's second motion only sought summary judgment for claims based on Haeussler's fiduciary duties as president of

---

[1]      We decline to consider additional arguments raised for the first time in Goodrich's reply brief. *See Ariz. Dep't of Revenue v. Ormond Builders, Inc.*, 216 Ariz. 379, 385, ¶ 24 n.7 (App. 2007) ("We will not address arguments raised for the first time in the reply brief.").

H&H and under the APSA. The court granted that motion, but then noted that "[i]t appears that no further matters remain pending." The court's judgment, prepared by Haeussler's counsel, ordered Goodrich's complaint dismissed with prejudice.

**¶14** But Goodrich's complaint asserted other claims, including breach of Haeussler's fiduciary duty as trustee of the Hogstrom Trust, for an accounting, and for Haeussler's removal as trustee. Goodrich may have standing to assert such claims. *See, e.g.*, A.R.S. § 14-10706 (noting that "a beneficiary may request the court to remove a trustee"); *In re Indenture of Tr. Dated Jan. 13, 1964*, 235 Ariz. 40, 44, ¶¶ 5-6 (App. 2014) (noting that a trust beneficiary may petition for an accounting); Restatement (Second) of Trusts § 199(c) (stating that a trust beneficiary may maintain a suit "to compel the trustee to redress a breach of trust"). Haeussler's standing motion did not address these issues. Although Haeussler later asserted to the superior court that Goodrich comingled the various fiduciary duty claims, we will not determine in the first instance whether the claim for alleged breached fiduciary duties to the Hogstrom Trust survive judgment for Haeussler on the claimed breached duties to H&H or Maxine Hogstrom personally.

**¶15** Haeussler counters that Goodrich waived this issue by not bringing it to the superior court's attention. Specifically, the court held a status conference after ruling on the summary judgment motions, and Goodrich's counsel did not object to the proposed order. Although the interests of judicial economy would have certainly been better served if Goodrich had objected to the proposed form of order, Goodrich preserved this issue by opposing the grant of summary judgment. *See Schoenfelder v. Ariz. Bank*, 165 Ariz. 79, 89 (1990) (arguments raised in summary judgment motion are preserved for review); *Golonka v. Gen. Motors Corp.*, 204 Ariz. 575, 580, ¶ 12 n.1 (App. 2003) (noting an issue raised and ruled upon was preserved for review).

**¶16** Because the superior court did not explain its dismissal of the remaining claims, and Haeussler's motion did not seek summary judgment on them, we cannot affirm the dismissal. *Cf. Acker v. CSO Chevira*, 188 Ariz. 252, 256 (App. 1997) (noting that when court dismisses complaint "by invoking its inherent authority to dismiss frivolous actions, it should make findings which explain its action"). Accordingly, on this record, the superior court erred in *sua sponte* dismissing Goodrich's remaining claims. We express no opinion on the merits of Goodrich's claims.

**CONCLUSION**

**¶17**        We affirm in part, vacate in part, and remand for proceedings consistent with this decision.  We deny Goodrich's request for fees and costs.



AMY M. WOOD • Clerk of the Court
FILED:    AA